**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARRY LOUIS LAMON, | No. 15-17077 |
| Plaintiff-Appellant, | D.C. No. 1:09-cv-00484-AWI-SAB |
| v. | |
| MAURICE JUNIOUS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted December 6, 2018**

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Barry Louis Lamon, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging First

Amendment retaliation claims. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo the district court's ruling on cross-motions for summary judgment.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Summary judgment for Defendant Dr. Talisman was proper because Lamon failed to raise a genuine dispute of material fact either as to (1) whether there was an absence of legitimate correctional goals for Dr. Talisman's conduct, or (2) whether Dr. Talisman retaliated against him in connection with legal action he filed against the doctor. *See Shepard v. Quillen*, 840 F.3d 686, 688 (9th Cir. 2016) (elements of First Amendment retaliation claim in prison context); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("[A] successful retaliation claim requires a finding that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." (citation and internal quotation marks omitted)).

Lamon bases his argument on claims that (1) the district court improperly decided issues of witness credibility on summary judgment, and (2) that the testimony of Dr. Talisman on April 02, 2008, during his "*Keyhea* hearing"[1] was "sufficient to establish a prima facie showing that Talisman's participation in those proceedings were [sic] motivated by his desire to retaliate against me for filing

---

[1] *Keyhea v. Rushen*, 178 Cal. App. 3d 526 (Ct. App. 1986). At the conclusion of this hearing, the ALJ found that Lamon was a danger to himself on account of a mental defect or disorder.

lawsuits against him [and his colleagues]." Our review reveals that Lamon's contentions have no merit.

First, the magistrate judge in his recommendations to the district court explicitly said that at the summary judgment stage, a court "does not make credibility determinations or weigh conflicting evidence." Our examination of his work indicates that he was faithful to this principle.

Second, with respect to Dr. Talisman's testimony at the *Keyhea* hearing, the magistrate judge said that the "transcript . . . does not demonstrate that Dr. Talisman recommended Plaintiff be involuntarily medicated based on Plaintiff's court filing." The court added that there is "no evidence that Dr. Talisman's testimony in support of involuntary medication at Plaintiff's *Keyhea* hearing was based on anything other than his professional medical opinion" regarding his patient's mental condition. The court also concluded that notwithstanding the doctor's awareness of Lamon's federal litigation activities, "there is not even a scintilla of evidence that [Dr. Talisman] retaliated against [him] for exercising his rights under the First Amendment." We have reviewed Dr. Talisman's testimony offered by Lamon in support of his argument, and we agree with the district court's assessment that Lamon has failed to raise a genuine dispute of material fact. We are unable to find in this record any evidence whatsoever that would support a jury verdict in Lamon's favor. The irony in Lamon's argument is that Dr. Talisman

15-17077

believed that the procedure and medication about which Lamon complains actually improved his legal work.

The district court did not abuse its discretion in not considering other inmates' declarations and paragraph 13 of Lamon's declaration because the evidence was not relevant. *See* Fed. R. Evid. 401 (defining relevant evidence); Fed. R. Evid. 402 (irrelevant evidence is inadmissible); *see also Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532, 534 (9th Cir. 2011) (setting forth standard of review and explaining that even where a district court abuses its discretion, we reverse only if the evidentiary ruling was prejudicial). Contrary to Lamon's contention, the district court did not sustain Defendants' objections to paragraphs 5, 8, or 9 of his declaration or to Exhibit 2 of his declaration.

We reject as without merit Lamon's contention that the district court erred in denying his motion to strike Defendants' separate statement of undisputed facts.

Because Lamon does not raise any cognizable arguments regarding the district court's grant of summary judgment as to Defendants Magvas and Osborne, either in his opening or in his reply briefs, Lamon waives -- or forfeits -- any such challenge on appeal. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief."). In their answering brief, Appellees invoked waiver with respect to all issues involving Magvas and Osborne. Lamon did not respond in his reply

brief to their argument, asking only that we reverse and remand with "instructions that [the court] proceed against Defendant Talisman on my First Amendment retaliation claim."

We treat Lamon's "verification of sole authorship" (Docket Entry No. 28) as satisfying the court's deficiency notice (Docket Entry No. 24-2). Lamon's motion for extension of time to file a corrected reply brief (Docket Entry No. 28) is denied as unnecessary. The reply brief was filed on November 23, 2016.

**AFFIRMED.**